LGONZALES, J.
Defendant, Dale F. McKissick, was charged by bill of information with one count of unauthorized entry of an inhabited dwelling and one count of attempted simple kidnapping in violation of La. R.S. 14:62.3, 14:27 and 14:45(A)(2), respectively. Defendant pled not guilty. Following a jury trial, he was convicted of unauthorized entry of an inhabited dwelling and acquitted of attempted simple kidnapping. Defendant was initially sentenced to serve five years imprisonment at hard labor; however, the sentence was subsequently vacated, and defendant was sentenced to eight years imprisonment at hard labor as an habitual offender pursuant to La. R.S. 15:529.1.
In the instant appeal, defendant urges three assignments of error regarding his sentence and adjudication as an habitual offender. He separately appealed his conviction, which we affirmed in an unpublished decision, State v. McKissick, 2000 KA 0523 (La.App. 1 Cir. 12/22/00).

FACTS

The facts surrounding the defendant’s conviction are set forth in this court’s opin *734 ion addressing defendant’s appeal from that conviction. Id.

ASSIGNMENT OF ERROR NUMBER TWO

In this assignment of error, defendant contends the evidence submitted by the State is insufficient to support his adjudication as an habitual offender. Specifically, defendant contends the State failed to prove that he was properly advised of and waived his rights at the time of his guilty plea to the predicate offense.
On August 11, 1999, defendant pled not guilty to the allegations in the habitual offender bill of information. On June 7, 2000, the trial court held a hearing on the habitual offender allegations. On that date, defendant filed a pro se motion challenging the allegations contained in the habitual offender bill of information.[2] Specifically, | adefendant contended that at the time of his guilty plea to the predicate offense, he was not properly Boykinized. He further contended that the trial court failed to comply with La.C.Cr.P. art. 556.1. At the hearing on his motion, defendant stipulated to his identity as the person whose fingerprints were on the bill of information that charged him with the alleged predicate offense. Defendant’s only argument at the hearing related to the issue of compliance with La.C.Cr.P. art. 556 .1, and the court denied the motion on that basis.
After the trial court denied defendant’s motion, the State indicated it had no further evidence. After hearing argument from both the State and defense, the court concluded the State had met its burden of proof regarding the habitual offender allegations. The court noted that defendant had stipulated to his identity and stated that, “The essence of the [Habitual Offender] Bill of Information is identity that has been proven or stipulated to.”
In State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), the Louisiana Supreme Court noted the level of proof necessary to establish prior convictions in cases arising under the Habitual Offender Law, La. R.S. 15:529.1. The court determined that, in an habitual offender proceeding, the State is required to prove the fact of a defendant’s prior conviction and his identity as the person convicted. In reference to the evidence necessary to prove the prior conviction, the court stated, “Regardless of the setting, the state must always provide competent and duly authenticated evidence when it attempts to establish a prior conviction.” Brown, 514 So.2d at 106, n. 8.
Louisiana Revised Statute 15:529.1(D) provides, in pertinent part:
(1)(b) [T]he district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof....
(2) Following a contradictory hearing, the court shall find that the defendant is:
(a) A second offender upon proof of a pi’ior felony conviction or adjudication of delinquency as authorized in Subsection A. (Emphasis added.)
|4In the instant case, defendant stipulated to his identity as the person whose fingerprints were on the bill of information that charged the predicate offense for pur *735 poses of the habitual offender adjudication. However, the State submitted no evidence by way of a transcript, testimony, or minute entry to establish the fact of defendant’s prior conviction. Although the defendant is named in the bill of information, there is no evidence that the charge resulted in a conviction, acquittal, dismissal, or any other disposition.
In light of the State’s failure to submit any proof of defendant’s prior conviction, we find the State failed to meet its burden of proof pursuant to La. R.S. 15:529.1. Accordingly, we need not address defendant’s remaining assignments of error relating to the habitual offender adjudication and sentence.
For the foregoing reasons, the defendant’s habitual offender adjudication and sentence are VACATED, and this matter is REMANDED to the trial court for further proceedings consistent with this opinion.

. We note defendant's pro se motion attacking the habitual offender bill was filed later than the fifteen day period allowed by La. R.S. 15:529.1(D)(1)(a); however, no objection was made by the State at the time of the hearing on the motion, and the trial court denied the motion on the issues raised at the hearing.